[NOT FOR PUBLICATION--NOT TO BE CITED AS PRECEDENT]

# United States Court of Appeals

## For the First Circuit

_____

No. 99-1560

UNITED STATES,

Appellee,

v.

MANUEL RODRIGUEZ-SANTANA,

Defendant, Appellant.

_____

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. Daniel R. Domínguez, U.S. District Judge]

_____

Before

Torruella, Chief Judge,

Stahl and Lynch, Circuit Judges.

_____

Rafael F. Castro-Lang, by appointment of the Court, on brief for appellant.
Guillermo Gil, United States Attorney, Jorge E. Vega-Pacheco, Assistant United States Attorney, Chief, Criminal Division, and Camille Vélez-Rivé, Assistant United States Attorney, on brief for appellee.

_____

August 4, 2000

_____

**Per Curiam.** Appellant Manuel Rodríguez-Santana was convicted of conspiring to illegally import and possess with intent to distribute cocaine and of illegally importing cocaine. He was sentenced to serve 360 months of imprisonment, to be followed by five years of supervised release. Appellant claims on appeal (1) that he received ineffective assistance of counsel; (2) that the prosecution's closing argument was improper; and (3) that the court's instructions to the jury constitute reversible error. None of appellant's claims has merit, and we affirm the judgment of the district court.

## I. INEFFECTIVE ASSISTANCE OF COUNSEL CLAIM

Appellant argues that his trial counsel rendered constitutionally deficient assistance by (1) failing to join a codefendant's successful motion for a mistrial; (2) failing to move to strike a juror with limited English language ability; and (3) making an improper closing argument. To succeed on his ineffective assistance of counsel claim, appellant must demonstrate both that counsel's performance fell below the applicable standard of reasonable decisionmaking under the circumstances and that such substandard performance resulted in prejudice. See United States v. Fisher, 3 F.3d 456, 463 (1st Cir. 1993). Particularly where tactical decisions are at issue, appellant must overcome a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland v. Washington, 466 U.S. 668, 689 (1984).

### 1. **Motion for Mistrial**

On the fifth day of appellant's trial, a court security officer informed the trial judge that he had overheard a member of the jury remark that she recognized codefendant Modesto Molina from a previous criminal proceeding, in which she had been a member of the jury pool but was excused without participating in the actual trial. The district court also learned that, when this comment was made, another juror remarked that Molina "seemed to be in every courtroom in the district," in apparent reference to having seen Molina's name on a court calendar posted near the public telephones. After learning of these remarks, the district court individually interviewed, in the presence of counsel, each member of the jury. During these interviews, it was established that the comments were made in reference to Molina only, and not to appellant Rodríguez-Santana.

Based on the jurors' remarks, Molina's counsel moved for a mistrial, which was granted by the district court. Rodríguez-Santana's counsel declined to join the motion, explaining to the court (1) that he considered the comments to implicate only Molina and not his client; (2) that his client's trial had already been delayed two years for Molina's benefit; (3) that both he and his client were pleased with the cross-examination of the government's main witness and otherwise felt that the evidence was "coming in" well for appellant; and (4) that,

based on those factors, appellant had instructed him not to join the motion for a mistrial.

We find counsel's decision not to join the motion for a mistrial to fall well within the "wide range of reasonable professional assistance." See id. It was apparent from the interviews with the jurors that appellant was implicated only marginally, if at all, by the grounds for the mistrial motion. Furthermore, counsel expressed reasonable grounds for declining to join the motion, most notably appellant's own wishes. See id. at 691 ("The reasonableness of counsel's actions may be determined or substantially influenced by the defendant's own statements or actions."). Under the circumstances, we hold that the failure to join the motion for mistrial did not constitute ineffective assistance of counsel.

## 2. **Motion to Strike**

Appellant next contends that it was ineffective assistance of counsel for his attorney not to move to strike a juror who indicated, during the interviews discussed above, that although she understood English and was fully able to understand the proceedings she nevertheless was not comfortable speaking English.

The qualifications for federal jury service, set forth at 28 U.S.C. § 1865, state that any person is qualified for jury service unless, inter alia, she "is unable to speak the English language." Id. § 1865(b)(3); see also McDonough Power Equip. v. Greenwood, 464 U.S.

-4-

548, 555 (1984) ("[T]he statutory qualifications for jurors require only a minimal competency in the English language.") (citing 28 U.S.C. § 1865). When the juror at issue here indicated to the court that she did not speak English easily,[1] the district court conducted an in camera hearing with the juror in the presence of counsel to evaluate her proficiency in English. During that hearing, it was established (1) that the juror had completed twenty-two credits of English courses in connection with receiving a bachelor's degree in secretarial sciences; (2) that she used textbooks in English; (3) that she had participated in two previous criminal cases in federal court and was satisfied that she could follow the case and the evidence; and (4) that she understood the judge's questions in English during the in camera hearing, although she responded in Spanish. On the basis of the hearing, both the prosecutor and appellant's trial counsel indicated that they were satisfied with the juror's capacity to understand the case and continue her service on the jury.

Under the circumstances, we think that the juror's minimum competency in the English language was sufficiently established so that appellant's trial counsel was not unreasonable in determining not to move to strike the juror. See Strickland, 466 U.S. at 688 ("In any case presenting an ineffectiveness claim, the performance inquiry must

---

[1] We note that this occurred after the juror had successfully filled out the juror qualification form and participated in voir dire.

be whether counsel's assistance was reasonable considering all the circumstances."). The attorney for the United States obviously agreed with counsel's evaluation of the juror's language skills,[2] and the district court also appears to have been satisfied with the juror's English-language ability. See United States v. González-Soberal, 109 F.3d 64, 69 (1st Cir. 1997) ("We are hesitant to reverse the reasoned conclusion of the trial judge on the question of a juror's ability to understand English because the trial judge is in a much better position to assess the language competency of a particular juror."). Consequently, we hold counsel's decision not to constitute ineffective assistance of counsel. See id. ("Although . . . the juror's command of the English language was less than that of a native speaker, [it does] not warrant the conclusion that the juror was unable to follow the proceedings or understand the evidence and therefore do[es] not merit reversal.").

### 3.  Defense Counsel's Closing Argument

Appellant also claims that his attorney's closing argument constituted ineffective assistance by breaching the attorney's ethical duty of loyalty to his client. However, the portions of the transcript emphasized by appellant, when read in the context of the closing argument as a whole, were not unconstitutionally deficient.

---

[2] We note that neither prosecution nor defense could reasonably have expected to obtain any tactical advantage from a juror with limited English language ability.

Although appellant complains about his trial counsel's decision to concede that the United States had proven a conspiracy, this decision was not unreasonable under the circumstances. See Strickland, 466 U.S. at 688. In light of the substantial evidence of the conspiracy, and considering the guilty pleas of twelve of the fourteen defendants named in the indictment, defense counsel made a reasonable tactical decision not to dispute the existence of a conspiracy but instead to focus on the alleged lack of evidence tying his client to that conspiracy, while also attacking the credibility of the government's witnesses. This is a defense strategy that has been successful in other cases, and there is nothing in this case to suggest that defense counsel's purely tactical decision in this regard was indicative of any disloyalty or other defect in his representation of appellant. We therefore hold that defense counsel's closing argument did not constitute ineffective assistance of counsel.

## II. **PROSECUTION'S CLOSING ARGUMENT**

Appellant next objects to the prosecutor's statement during closing that "The Honorable Court will also instruct you in more detail that Manuel Rodríguez Santana participated in a conspiracy." That statement is flatly improper. Nonetheless, it is quite clear from the adjoining parts of the prosecution's closing argument that what the prosecutor meant was that the district court would instruct the jury in detail about the elements of a criminal conspiracy charge. In fact,

the prosecutor himself proceeded to explain the necessary elements and that the government bore the burden of proving them. The impropriety of the prosecutor's isolated comment surely did not affect the outcome of trial, and therefore does not merit reversal. See United States v. Hughes, 211 F.3d 676, 684 (1st Cir. 2000) (applying plain error review to prosecution's comments during closing argument where defendant did not object at trial, and stating that "[w]e will not reverse a conviction for plain error unless it is clear that, inter alia, the error 'affected the outcome of the proceedings.'").

Appellant also claims that the prosecutor improperly vouched for the credibility of the government's cooperating witnesses when he told the jury that the United States "depends on persons like them to come forward and provide the details of how Manual Rodríguez Santana was involved in the conspiracy," and also when he reminded the jury that a cooperating witness had pled guilty. See United States v. Rosario-Díaz, 202 F.3d 54, 65 (1st Cir. 2000) ("[P]rosecutors may not place the prestige of the United States behind a witness by making personal assurances about the credibility of a witness or by indicating that facts not before the jury support the witness's testimony.").

First, we do not find reversible error in the prosecutor's statement that the government depends upon cooperating witnesses in its investigations and prosecutions of criminal defendants. Such statement is certainly true, and more important it does not suggest that such

-8-

cooperating witnesses are reliable or credible. Particularly in light of the clear jury instructions given by the court advising the jury to use caution when evaluating the testimony of cooperating witnesses, the prosecutor's statement was very unlikely to affect the outcome of the proceedings and therefore does not warrant reversal. See Hughes, 211 F.2d at 684.

Second, the prosecutor's reminder that a cooperating witness had pled guilty in the case was accurately based in the record and made no assurance as to the credibility of the witnesses's testimony. Under the circumstances, we hold that this statement did not constitute improper vouching.

## III. **JURY INSTRUCTIONS**

Finally, appellant challenges two aspects of the jury instructions given by the district court. First, appellant contends that the court erred when it instructed the jury that "[i]t is only required that the government's proof exclude any reasonable doubt concerning the defendant's guilt." This statement by the district court came at the end of a thorough and correct articulation of the prosecution's burden of proving guilt beyond a reasonable doubt. The instruction explicitly stated that the defendant need not prove his innocence nor even produce any evidence at all, and also emphasized the "strict and heavy" nature of the government's burden. Taken in the context of the complete jury instruction on burden of proof, the

court's reference to the "exclusion" of reasonable doubt was not misleading and by no means constitutes reversible error. Cf. United States v. Rodríguez-Cardona, 924 F.2d 1148, 1159-60 (1st Cir. 1991) (upholding nearly identical instruction, without discussion of the "exclude" language).

Second, appellant complains of the district court's instruction that "[t]he fact that an accomplice has entered a plea of guilty to the offense charged is not evidence in and of itself, of the guilt of the other person." In United States v. González-González, 136 F.3d 6, 10-11 (1st Cir. 1998), we discouraged the use of "in and of itself" language in reference to the guilty plea of an accomplice, and we repeat today that the district courts should not use such language. However, because the court's instructions in González-González, taken as a whole, unequivocally told the jury not to consider an accomplice's guilty plea as evidence of the defendant's guilt, we held that a new trial was not warranted. See id. at 11.

The district court in this case failed to give the kind of emphatic clarifying instructions present in González-González. However, we nevertheless find that the erroneous "in and of itself" instruction was harmless error under these particular circumstances. The jury instructions as a whole made clear to the jury that they should find appellant guilty only if the prosecution had proven his guilt beyond a reasonable doubt, including all of the elements of the

crimes and including in particular proof of appellant's individual participation in the conspiracy and substantive offense. Given the substantial evidence submitted to the jury of appellant's guilt, we cannot conclude that the court's ambiguous instruction as to the probative value of an accomplice's guilty plea would have affected the jury's verdict. The error, therefore, does not require reversal.

## IV.  CONCLUSION

For the reasons set forth above, we affirm the judgment of the district court.

**Affirmed.**